D. Samuel Coffman (#011428)
scoffman@dickinsonwright.com
Amanda E. Newman (#032462)
anewman@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004
Phone: (602) 285-5000
Fax: (844) 670-6009
Firm E-Mail: courtdocs@dickinsonwright.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Yvonne L. Roberts,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ConnectionsAZ LLC,<br><br>　　　　Defendant. | Case No.: 2:20-CV-01006-MTL<br><br>**ANSWER** |

Defendant ConnectionsAZ LLC ("Defendant") submits its Answer to Plaintiff's Complaint, with each numbered paragraph corresponding with the numbered paragraph of the Complaint.

**Filing of Complaint and Receipt by Defendant**

1. Defendant admits Paragraph 1 upon information and belief.

2. Responding to Paragraph 2 of the Complaint, Defendant admits that Plaintiff was employed by Defendant.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Responding to Paragraph 9, Defendant admits the allegations contained therein but denies that the charge was attached as Exhibit 1.

10. Responding to Paragraph 10, Defendant admits that the EEOC issued Plaintiff a right to sue letter on February 14, 2020. Defendant denies that it was attached as Exhibit 2 and denies that the notice pertains to both charges.

11. Responding to Paragraph 11, Defendant admits the Plaintiff's complaint was filed within 90 days of receipt of the notice of right to sue for charge No. 540-2019-05295 only.

12. Deny.

13. Responding to Paragraph 13, Defendant admits that the Court has jurisdiction in regard to charge No. 540-2019-05295 only.

14. Responding to Paragraph 14, Defendant affirmatively alleges that it believes that Plaintiff worked a late-night shift at the urgent psychiatric care center on or about August 2, 2019.

15. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 15 and denies the same. Defendant affirmatively alleges that Plaintiff as a pool employee would from time to time be required to perform LPN duties, and that such duties are performed by all nurses on shifts from time to time.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 15 and denies the same. Defendant affirmatively alleges that

Plaintiff, as a pool employee, would from time to time be required to perform LPN duties, and that such duties are performed by all nurses on shifts from time to time.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 15 and denies the same.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Responding to Paragraph 22, Defendant does not recall what words were exchanged regarding the charge nurse looking at patient charts but does acknowledge that due to concerns with Plaintiff's performance that the charge nurse did review the charts for any mistakes that needed to be corrected.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 27 and denies the same.

28. Deny.

29. Deny.

30. Responding to Paragraph 30, Defendant does not recall what words were exchanged but admits that there was a discussion about whether Plaintiff had properly performed her job on the shift.

31. Denied as stated. Defendant does not recall what words were exchanged but admits that the Director of Nursing inquired as to whether the shift nurse had

1 documents demonstrating mistakes or errors made by Plaintiff and the charging nurse admitted that she had not brought documentation with her.

    32. Deny.

    33. Deny.

    34. Deny.

    35. Responding to Paragraph 35, Defendant admits that the Director of Nursing spoke with the physician in question and the physician indicated that there had not been a medical error but that there had been a "misunderstanding" with Plaintiff that was corrected before it became a medical error.

    36. Deny.

    37. Deny. Defendant affirmatively alleges that it was Plaintiff who said that she did not want to work with the charge nurse on this shift anymore and that any removal from those scheduled shifts was due to Plaintiff's own request.

    38. Deny.

    39. Deny.

    40. Deny.

    41. Deny.

    42. Deny.

    43. Deny.

    44. Deny.

    45. Deny.

    46. Deny.

    47. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 47 and denies the same.

    48. Deny.

1. 49. Deny.
2. 50. Deny.
3. 51. Deny.
4. 52. Deny.
5. 53. Deny.
6. 54. Deny.
7. 55. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 55 and denies the same.
8. 56. Responding to Paragraph 56, Defendant admits that the Director of Nursing indicated that Plaintiff would be paid for days she was scheduled.
9. 57. Responding to Paragraph 57, Defendant admits that Plaintiff was not paid for these days but affirmatively alleges that Plaintiff was not scheduled for these days.
10. 58. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 57 and denies the same.
11. 59. Deny.
12. 60. Deny.
13. 61. Deny.
14. 62. Admit.
15. 63. Responding to Paragraph 63, Defendant admits that Plaintiff was told that Human Resources does not normally sit in on meetings between department heads and meeting and affirmatively alleges that Plaintiff was told to report any concerns arising out of the meeting and failed to do so.
16. 64. Deny.
17. 65. Deny.
18. 66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 71 and denies the same.

71. Deny. Defendant affirmatively alleges that Plaintiff was scheduled to work September 20 but she called off sick and that Plaintiff worked on October 13 and October 19.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Paragraph 83 states no allegations.

84. Deny.

85. Deny.

86. Deny.

87. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 87 and denies the same.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. Paragraph 92 states no allegations.

93. Deny.

94. Admit.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

99. Admit.

100. Deny.

101. Deny.

## **GENERAL DENIAL AND AFFIRMATIVE DEFENSES**

102. Defendant denies each and every allegation of the Complaint not expressly admitted herein.

103. Defendant asserts that the Complaint fails to state a claim.

104. For its first and separate affirmative defense, Defendant asserts failure to exhaust administrative remedies thus depriving the Court of jurisdiction.

105. For its second and separate affirmative defense, Defendant asserts that all employment decisions concerning Plaintiff were based on legitimate, nondiscriminatory, and non-retaliatory business reasons unrelated to Plaintiff's race.

Defendant reserves the right to amend this Answer to assert any and all additional claims and defenses, including without limitation those set forth in Rule 8(c) of the

Federal Rules of Civil Procedure, as, when, and if warranted in the course of further discovery, investigation, or preparation for trial in this action.

**WHEREFORE**, Defendant requested judgment be entered in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing thereby, that Defendant be awarded its reasonable costs incurred herein including its reasonable attorneys' fees pursuant to 42 U.S.C. § 1998, and that the Court order such other and further relief as it deems just and proper.

**DATED** this 29th day of May, 2020.

                                                        DICKINSON WRIGHT PLLC

                                                        By: /s/ D. Samuel Coffman
                                                        D. Samuel Coffman
                                                        Amanda E. Newman
                                                        1850 North Central Ave., Ste. 1400
                                                        Phoenix, AZ 85004
                                                        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2020, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system. The attached document will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as nonregistered participants.

By:    /s/ D. Samuel Coffman

4832-1684-1404 v1 [69364-1]