# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yvonne L Roberts,<br><br>        Plaintiff,<br><br>v.<br><br>Connections AZ LLC,<br><br>        Defendant. | No. CV-20-01006-PHX-MTL<br><br>**ORDER SETTING TELEPHONIC SCHEDULING CONFERENCE** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Telephonic Scheduling Conference is set for **Thursday, July 2, 2020 at 11:00 a.m.** Counsel will receive call-in instructions via email to participate in the hearing. In preparation for this Telephonic Scheduling Conference, **it is hereby ordered as follows**:

A.    Corporate Disclosure Statement

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 7.1.1, any nongovernmental corporate party to an action or proceeding must file a Corporate Disclosure Statement. If not previously filed, the Court directs any nongovernmental corporate party to file its Corporate Disclosure Statement within 10 days of receipt of this Order. Forms are available on the Court's website.

B.    Rule 26(f) Meeting and Joint Proposed Case Management Report

The parties are directed to meet and confer at least 21 days before the Scheduling Conference. At this meeting, the parties shall develop a Joint Proposed Case Management Report. It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting, at which

Defendant(s) shall promptly and cooperatively participate. The parties must <u>jointly</u> file the Joint Proposed Case Management Report with the Clerk of the Court at least 10 days before the Scheduling Conference. Absent extraordinary circumstances, no extensions of time will be granted.

The Joint Proposed Case Management Report shall contain the following information in separately numbered paragraphs.

1. The counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing the Joint Proposed Case Management Report;
2. A list of all parties in the case, including any parent corporations or entities;
3. A short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense;
4. A description of the principal factual and legal disputes in the case;
5. The jurisdictional basis for the case, citing specific jurisdictional statutes;[1]
6. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared. Unless counsel can otherwise show cause, a proposed form of order shall accompany the Joint Proposed Case Management Report that dismisses any party which has not been served, including fictitious and unnamed parties;[2]
7. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings;
8. A listing of contemplated motions and a statement of the issues to be

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their partners, owners, or members is a citizen. *See* 28 U.S.C. §1332(c); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") does not create diversity jurisdiction. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970).

[2] Plaintiff(s) shall also apply under Rule 55 for default against any party who has been timely served and has not timely answered.

decided by those motions;

9. The prospects for settlement and potential methods for conducting settlement, including (a) whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference, and (b) any other request of the Court for assistance in settlement efforts;

10. Whether any aspect of the case is suitable for reference to a special master or to a United States Magistrate Judge;

11. The status of any related cases pending before this or other courts;

12. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced;

13. A discussion of any issues relating to claims of privilege or work product;

14. A discussion of necessary discovery within the scope of Rule 26(b)(1), and should include:

   a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

   b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

   c. The number of hours permitted for each deposition, unless extended by agreement of the parties.

15. Proposed deadlines for each of the following events.

   a. A deadline for amending the pleadings;

   b. A deadline for lodging a proposed Joint Stipulated Protective Order with the Court, if desired;

   c. A deadline for completing fact discovery. This will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3). Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the

deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline;

    d. Dates for full and complete expert disclosures and rebuttal expert disclosures, if any, and a date for expert discovery cut-off;

    e. Case-specific deadlines and dates, such as the deadline to file a motion for class certification, the deadline to file a motion for dismissal or summary judgment based on qualified immunity, a date on which the parties are available for a *Markman* hearing, if applicable, and a deadline to file dispositive motions;

    f. A date by which the parties shall have engaged in good faith settlement talks and a description of settlement communications to date;

16. Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request is contested, set forth the reasons why trial by jury is in dispute;

17. The estimated length of trial and any suggestions for shortening the trial;

18. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

D. <u>Rule 16 Scheduling Conference and Order</u>

The Court directs counsel and any unrepresented parties to review Rule 16 of the Federal Rules of Civil Procedure for the objectives of the Scheduling Conference. Counsel who will be responsible for trial of the lawsuit for each party (and any party that is not represented by counsel) shall appear and participate in the Scheduling Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. Appearance shall be in person for all attorneys based in Maricopa County. Any attorneys (including those based outside of Maricopa County) who cannot be present

in person must seek leave of the Court to appear telephonically at least three business days before the Scheduling Conference. A continuance of the Scheduling Conference will be granted only for good cause.

After the Scheduling Conference, the Court will enter a Scheduling Order. The Court will, absent good cause, enforce the deadlines in the Scheduling Order. The parties should plan their litigation activities accordingly.

**IT IS FURTHER ORDERED** that within 10 days, Plaintiff(s) must serve this Order on any Defendant(s) that has not yet appeared or answered.

Dated this 5th day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge